IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| VICTOR L. GATEWOOD, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 4:10cv00189 SWW |
| | * | |
| | * | |
| LITTLE ROCK NATIONAL AIRPORT, | * | |
| | * | |
| Defendant. | * | |

ORDER

On March 26, 2010, plaintiff Victor L. Gatewood filed this pro se action pursuant to Title VII, 42 U.S.C. §§ 2000e *et seq*., against defendant Little Rock National Airport along with a motion to proceed in forma pauperis (IFP). By Order entered March 29, 2010 [doc.#6] the Court granted plaintiff's motion for leave to proceed IFP (having been provisionally granted by the Clerk of Court). Prior to ordering service, however, the Court directed that plaintiff file an amended complaint, noting that plaintiff claims race discrimination in the termination of his employment but only alleges the following:

> First was that I was suspended while on break next that I was discharged for being insubordinate and was not even on the time clock to start work.

Finding plaintiff's complaint much to vague and conclusory to warrant service, the Court directed that within 30 days of the date of entry of the Order, plaintiff file an amended complaint. Plaintiff was notified of Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro

se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."[1]

Plaintiff failed to file an amended complaint as directed by the Court. With more than 30 days having passed since the Court issued its March 29th Order to amend with no communication from the plaintiff, the Court dismissed this action without prejudice pursuant to Local Rule 5.5(c)(2) for plaintiff's failure to respond to this Court's Order and prosecute this action.

Plaintiff subsequently filed a motion for reconsideration in which he stated he did not realize he was supposed to resubmit in writing more details about his case. Plaintiff stated he would not have overlooked this matter if not for the extreme distress he has been under due to the loss of his job.

The Court granted plaintiff's motion for reconsideration and reopened this action. The Court directed that plaintiff again file an amended complaint and he was again notified of Local Rule 5.5(c)(2) as well as the requirement to be familiar with the Court's Local Rules. Plaintiff subsequently submitted to the Court a letter that this Court construed as plaintiff's amended complaint and ordered the complaint served. The defendant timely filed an answer.

Now before the Court is defendant's motion to dismiss and for sanctions [doc.#32] alleging that plaintiff *inter alia* (1) has not responded to defendant's First Set of Interrogatories and Requests for Production despite attempts to get plaintiff to so respond; and (2) did not

---

[1] That same day, the Court issued the following Order [doc.#8]: "The Court's attention has been directed to the fact that plaintiff herein is presently proceeding pro se. The purpose of this Order is to direct plaintiff's attention to the fact that plaintiff is required to be familiar and comply with all the Federal Rules of Civil Procedure as well as the Local Rules of this Court. Failure to so comply <u>can</u> result in dismissal of plaintiff's claim. The Federal Rules of Civil Procedure are available in many libraries and bookstores and the Local Rules can be obtained from the Clerk of the Court for the Eastern District of Arkansas. In addition, said rules may be accessed from the internet website of the United States District Court for the Eastern District of Arkansas. Plaintiff is hereby instructed to be familiar and comply with said rules."

appear for a noticed deposition on December 20, 2010.  Plaintiff has not responded to defendant's motion on the merits but sent a letter to the Court dated January 3, 2011 [doc.#34], detailing the financial and emotional stress he is under and stating that "I really do not feel right about giving [defendant's attorney] info about case."

The Court denies without prejudice defendant's motion to dismiss and grants in part defendant's motion for sanctions.  The Court hereby gives plaintiff twenty (20) days from the date of entry of this Order in which to fully and completely respond to defendant's First Set of Interrogatories and Requests for Production.  Plaintiff is further ordered to appear for any deposition that defendant may schedule.  Finally, within twenty (20) days of the date of entry of this Order, plaintiff is ordered to pay defendant's costs for securing a court reporter for the deposition for which he failed to appear, which totaled $131.70.[2]  Plaintiff's failure to comply with any aspect of this Order will result in the dismissal of this action without prejudice.  The Court hereby extends the deadline for conducting discovery to and including March 15, 2011.  No extensions of the deadlines herein set forth will be granted.

        IT IS SO ORDERED this 15th day of February 2011.

                /s/Susan Webber Wright

                UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff does not argue, and the Court does not find, that this cost is unreasonable.  Defendant also seeks $204.00 in attorney's fees (1.1 hours of Carolyn B. Witherspoon's time at $190 per hour).  Because plaintiff is proceeding IFP, the Court will not at this time require that plaintiff pay attorney's fees.  Should, however, the Court dismiss this action for failure to comply with any aspect of today's Order, the Court will require that plaintiff pay all reasonable costs incurred by defendant to date, including attorney's fees, as a condition to refiling this action.