IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

VICTOR L. GATEWOOD,                    *
                                       *
              Plaintiff,               *
                                       *
                                       *
vs.                                    *           No. 4:10cv00189 SWW
                                       *
                                       *
                                       *
                                       *
LITTLE ROCK NATIONAL AIRPORT,          *
                                       *
              Defendant.               *

## ORDER

On March 26, 2010, plaintiff Victor L. Gatewood filed this pro se action pursuant to Title

VII, 42 U.S.C. §§ 2000e *et seq*., against defendant Little Rock National Airport along with a

motion to proceed *in forma pauperis* (IFP).  By Order entered March 29, 2010 the Court granted

plaintiff's motion for leave to proceed IFP (having been provisionally granted by the Clerk of

Court).  Prior to ordering service, however, the Court directed that plaintiff file an amended

complaint, noting that plaintiff claims race discrimination in the termination of his employment

but only alleges the following:

> First was that I was suspended while on break next that I was discharged for
> being insubordinate and was not even on the time clock to start work.

Finding plaintiff's complaint much to vague and conclusory to warrant service, the Court

directed that within 30 days of the date of entry of the Order, plaintiff file an amended complaint.

Plaintiff was notified of Local Rule 5.5(c)(2), which states: "It is the duty of any party not

represented by counsel to promptly notify the Clerk and the other parties to the proceedings of

any change in his or her address, to monitor the progress of the case, and to prosecute or defend

the action diligently.  A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number.  If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."[1]

Plaintiff failed to file an amended complaint as directed by the Court.  With more than 30 days having passed since the Court issued its March 29th Order to amend with no communication from the plaintiff, the Court dismissed this action without prejudice pursuant to Local Rule 5.5(c)(2) for plaintiff's failure to respond to this Court's Order and prosecute this action.

Plaintiff subsequently filed a motion for reconsideration in which he stated he did not realize he was supposed to resubmit in writing more details about his case.  Plaintiff stated he would not have overlooked this matter if not for the extreme distress he has been under due to the loss of his job.

The Court granted plaintiff's motion for reconsideration and reopened this action.  The Court directed that plaintiff again file an amended complaint and he was again notified of Local Rule 5.5(c)(2) as well as the requirement to be familiar with the Court's Local Rules.  Plaintiff subsequently submitted to the Court a letter that this Court construed as plaintiff's amended complaint and ordered the complaint served.  The defendant timely filed an answer.

Defendant subsequently moved to dismiss and for sanctions alleging that plaintiff, *inter*

---

[1] That same day, the Court issued the following Order [doc.#8]: "The Court's attention has been directed to the fact that plaintiff herein is presently proceeding pro se.  The purpose of this Order is to direct plaintiff's attention to the fact that plaintiff is required to be familiar and comply with all the Federal Rules of Civil Procedure as well as the Local Rules of this Court.  Failure to so comply <u>can</u> result in dismissal of plaintiff's claim.  The Federal Rules of Civil Procedure are available in many libraries and bookstores and the Local Rules can be obtained from the Clerk of the Court for the Eastern District of Arkansas.  In addition, said rules may be accessed from the internet website of the United States District Court for the Eastern District of Arkansas.  Plaintiff is hereby instructed to be familiar and comply with said rules."

*alia,* (1) has not responded to defendant's First Set of Interrogatories and Requests for Production despite attempts to get plaintiff to so respond; and (2) did not appear for a noticed deposition on December 20, 2010.  Plaintiff did not respond to defendant's motion on the merits but sent a letter to the Court dated January 3, 2011 [doc.#34], detailing the financial and emotional stress he is under and stating that "I really do not feel right about giving [defendant's attorney] info about case."

By Order entered February 15, 2011 [doc.#35], the Court denied without prejudice defendant's motion to dismiss and granted in part defendant's motion for sanctions.  The Court gave plaintiff twenty (20) days from the date of entry of the Order in which to fully and completely respond to defendant's First Set of Interrogatories and Requests for Production.  Plaintiff was further ordered to appear for any deposition that defendant may schedule.  Finally, plaintiff was ordered to pay, within twenty (20) days of the date of entry of the Order, defendant's costs for securing a court reporter for the deposition for which he failed to appear, which totaled $131.70.  Plaintiff was warned that failure to comply with any aspect of the Order would result in the dismissal of this action without prejudice.[2]

Now before the Court is defendant's motion to dismiss with prejudice pursuant to Fed.R.Civ.P. 41(b) [doc.#39] in which it states that it has not received the discovery responses or the money for the court reporter as ordered by the Court.  Plaintiff has responded to defendant's motion to dismiss [doc.#41] but he does not controvert defendant's claim that he has not responded to defendant's First Set of Interrogatories and Requests for Production or paid

---

[2]   Plaintiff was further warned that should the Court dismiss this action for failure to comply with any aspect of today's Order, the Court will require that plaintiff pay all reasonable costs incurred by defendant to date, including attorney's fees, as a condition to refiling this action.

3

defendant's costs for securing a court reporter for the deposition for which he failed to appear.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes district courts to dismiss a case when a plaintiff "fails to prosecute or to comply with these rules or a court order." Despite the breadth of the language of Fed.R.Civ.P. 41(b), however, the Eighth Circuit has recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay. *Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 722 (8th Cir. 2010) (internal quotation marks and citation omitted).  A plaintiff need not have acted in bad faith, but the district court must find that the plaintiff "acted intentionally as opposed to accidentally or involuntarily." *Id.*  A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party.  *Id.*

Rule 37 of the Federal Rules of Civil Procedure also allows the Court to consider numerous sanctions for failing to comply with an order compelling discovery.  *See* Fed.R.Civ.P. 37(b)(2)(A)-(C) (possible sanctions include (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims, (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence, (iii) striking pleadings in whole or part, (iv) staying further proceedings until the order compelling discovery is obeyed, (v) dismissing action or proceeding in whole or in part, (vi) rendering a default judgment against the disobedient party, or (vii) treating as contempt of court the failure to obey the order).  Dismissal

as a sanction requires (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party.  *See Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 940-41 (8th Cir. 2001).

The Court has carefully considered the matter and determines that dismissal of the complaint without prejudice is warranted.  Plaintiff has ignored and continues to ignore his requirement to provide discovery despite a warning that this action will be dismissed and he does not dispute the assertions regarding willful noncompliance contained in defendant's motion to dismiss.  Given this history, it can only be concluded that plaintiff's failure to comply with this Court's February 15th Order to provide discovery and costs for the court reporter is willful. Defendant has also been prejudiced by plaintiff's continued refusal to provide discovery as it cannot prepare for trial if the plaintiff will not participate in the discovery process.[3]

The Court has considered imposing lesser sanctions for plaintiff's refusal to provide discovery, but it is clear that plaintiff's failure to provide discovery is willful and will continue, plaintiff stating that he "do[es] not feel right about giving [defendant's attorney] info about case."  That being so, and given plaintiff's refusal to provide discovery to the prejudice of defendant, the Court determines that dismissal of this action without prejudice is the appropriate sanction.  Judgment will be entered accordingly.[4]

_____

[3] Plaintiff states he would have attended a March 17, 2011 deposition noticed by defendant (which actually was noticed for March 14, 2011) but that defendant cancelled the deposition.  Defendant, however, states it cancelled the deposition because plaintiff has failed to provide the discovery ordered by this Court that would allow defendant to prepare for the deposition and it appears that any further attempts would be futile and expensive.  Plaintiff does not controvert defendant's representations in this regard.

[4] Because the Court warned plaintiff that failure to comply with any aspect of this Order would result in dismissal without prejudice, the Court does not today dismiss this action with prejudice.  However, as a condition to refiling this action, plaintiff must pay all reasonable costs incurred by defendant to date, including attorney's fees.

IT IS SO ORDERED this 18th day of March 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE